UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STANLEY DAVIS,

        Plaintiff,

-vs-                                                  Case No.  5:05-cv-31-Oc-10GRJ

ROYAL BAHAMAS, ROYAL BAHAMAS
POLICE FORCE, FNU EDMUND,
Constable,

        Defendants.
_____

## **O R D E R**

The United States Magistrate Judge has issued a report (Doc. 12) recommending that the Plaintiff's Complaint be dismissed in part with prejudice. The Plaintiff objects to the Magistrate Judge's report (Doc. 13), and argues that his claims should not be dismissed because the Defendants are required to raise the defense of sovereign immunity in their responsive pleadings. Further, the Defendant contends that the Defendants should not be afforded the protection of sovereign immunity "[i]n light of the totality of the circumstances" and since the "Bahamian Government routinely subjects America[n] citizens to beatings and torture." The Plaintiff also argues that if the Court dismisses his claims, they should be dismissed without prejudice, and allow the filing of a paid complaint with the same allegations. Lastly, the Plaintiff contends that "personal jurisdiction should be presumed" in this case "in view of the cooperative agreements between the United States and the defendants" and in light of the fact that Defendant Edmund has consented to jurisdiction

by appearing under subpoena before a court in this district to provide testimony.  The Court concludes that the Defendant's objections are due to be overruled.[1]

Upon an independent examination of the file and upon due consideration, it is ordered that:

(1) the report and recommendation of the Magistrate Judge (Doc. 12) is adopted, confirmed and made a part hereof;

(2) Plaintiff's claims against Defendants Royal Bahamas and the Royal Bahamas Police Force are DISMISSED with prejudice because those two Defendants are immune from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, thus depriving the Court of subject matter jurisdiction;

(3) the Plaintiff is directed to file, within 20 (twenty) days from the date of this Court's Order, an Amended Complaint alleging sufficient jurisdictional facts to establish personal jurisdiction over Defendant Constable Edmund, failing which Plaintiff's claims against Constable Edmund will be dismissed as well; and

---

[1] See Clark v. State of Ga. Pardons and Parole Bd., 915 F.2d 636, 640-41 (11th Cir. 1990) (holding that if the district court sees that an affirmative defense would defeat the action, dismissal on grounds of frivolousness under in forma pauperis statute is allowed); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the district court did not err by failing to give the inmate an opportunity to amend his complaint prior to dismissing it with prejudice, where allowing the inmate to amend his complaint would have been futile); International Shoe Co. V. Washington, 326 U.S. 310, 316 (holding that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of forum, he have certain minimum contacts with it such that maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'").

(4) the Clerk is directed to withhold the entry of judgment pending the resolution of this case as a whole.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of April, 2005.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Pro Se Plaintiff
             Maurya McSheehy